USCA1 Opinion

 

 May 21, 1996 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 95-2168 FELIX GONZALEZ-ALEMAN, Plaintiff, Appellant, v. SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Jaime Pieras, Jr., Senior U.S. District Judge] __________________________ ____________________ Before Selya, Cyr and Lynch, Circuit Judges. ______________ ____________________ Fabio A. Roman Garcia on brief for appellant. _____________________ Guillermo Gil, United States Attorney, Rosa E. Rodriguez-Velez, _____________ ________________________ Acting Chief Civil Division, Robert M. Peckrill, Assistant Regional __________________ Counsel, Social Security Administration, on brief for appellee. ____________________ ____________________ Per Curiam. Felix Gonzalez-Aleman (claimant) appeals ___________ from a district court judgment affirming a decision of the Secretary of Health and Human Services finding him not disabled as of April 28, 1992. For the following reasons, we vacate and remand. On September 7, 1990, claimant was involved in a motor vehicle accident and sustained fractures of the pelvis, left hip, left femur, and left ankle. On October 25, 1990, claimant applied for disability benefits alleging that he could not stand or walk due to these fractures. He also alleged that sitting caused pain in the pelvic region and hips. The Social Security Administration denied claimant's application initially and on reconsideration.  After a hearing, an Administrative Law Judge (ALJ) found that claimant was under a disability beginning September 7, 1990 and continuing through April 27, 1992. However, the ALJ found that after April 27, 1992, claimant's residual functional capacity increased to a capacity to perform sedentary work. Since claimant's past work as a machine operator required more than sedentary exertion, the ALJ determined that he could not perform this work. The ALJ then proceeded to step five of the sequential analysis. Relying on the Grid, the ALJ found that claimant is not disabled because there is a broad range of unskilled, sedentary jobs existing in the national economy which he can perform.  -3- The Appeals Council denied review. Claimant appealed to the district court which affirmed the Secretary's decision. This appeal followed.  Claimant argues that the ALJ erred at step three of the sequential analysis in not finding that he met or equalled Listed Impairment 1.03 (arthritis of a major weight-bearing joint), 20 C.F.R. Part 404, Subpt. P, App. 1.1 We disagree. 1 The record does contain some evidence of arthritis in claimant's left ankle, as well as significant limitation of movement in this joint. However, although the record contains X-rays, there is no indication of gross anatomical deformity of a hip or knee as required by 1.03A. Similarly, it does not appear that the surgery performed on claimant's left leg satisfies 1.03B. In any event, given  ____________________ 1The following condition is listed at 1.03: 1 Arthritis of a major weight-bearing joint (due to any cause): With history of persistent joint pain and stiffness with signs of marked limitation of motion or abnormal motion of the affected joint on current physical examination. With: A. Gross anatomical deformity of hip or knee (e.g. subluxation, contracture, bony or fibrous ankylosis, instability) supported by X-ray evidence of either significant joint space narrowing or significant bony destruction and markedly limiting ability to walk and stand; or B. Reconstructive surgery or surgical arthrodesis of a major weight-bearing joint and return to full weight-bearing status did not occur, or is not expected to occur, within 12 months of onset. -4- evidence in the record that claimant's fractures are well- healed, that he can walk or stand for up to three hours, and that he can carry up to thirty pounds, we think the ALJ could find that claimant's condition neither met nor equalled the listing. We add that although claimant was continuing to see his orthopedic surgeon, he proffered no medical opinion to support his claim that he was still markedly limited in his ability to walk and his leg had not yet returned to full weight-bearing status. See Torres v. Secretary of Health & ___ ______ ______________________ Human Servs., 870 F.2d 742, 745 (1st Cir. 1989) (observing ____________ that it is the claimant's burden to show that he has an impairment that meets or equals a listing). Similarly, we reject claimant's argument that the ALJ could not properly find that his condition improved. The orthopedic evaluations by examining consultants for the Secretary reflect steady progress. On January 18, 1991, claimant could not carry any body weight, and he could not stand or walk without the use of crutches. On June 25, 1991, the femur fracture was still healing and claimant required the assistance of a walker. By April 27, 1992, the femur fracture was well-healed. Dr. Marrero, who examined claimant on that date, completed a residual functional capacity assessment (RFC) which amply supports the ALJ's conclusion that claimant has the exertional capacity for sedentary work. -5- We are, however, persuaded that there is merit to claimant's argument that the ALJ's determination at step five cannot be upheld under the "substantial evidence" standard. At this stage in the sequential analysis, the burden shifts to the Secretary to prove that there are sufficient numbers of jobs in the national economy that claimant can perform. See Heggarty v. Sullivan, 947 F.2d 990, 995 (1st Cir. 1991). ___ ________ ________ Where claimant's impairments involve only strength limitations, the ALJ may rely on the Grid to meet its burden. Id. However, where a claimant has non-exertional ___ impairments, the Grid may not accurately reflect the availability of suitable jobs. Id.  ___ Dr. Marrero's RFC indicates that claimant has a number of non-exertional limitations. Most notably, the RFC indicates that claimant can never climb and is limited in his ability to be around moving machinery. The narrative comments do not further illuminate, at least for the lay reader, the nature or extent of these particular restrictions. The ALJ does not mention these restrictions at all in her decision. Under the circumstances, this court is left without any basis for determining whether the claimant's non-exertional limitations are sufficiently minimal to permit the ALJ to rely on the Grid or whether vocational evidence was required. We note that even sedentary work may require the ability to ascend or descend stairs on a daily basis. -6- See SSR 85-15 (observing that usual everyday activities at ___ work include ascending or descending ramps or a few stairs). Moreover, the Secretary's own regulations state that approximately 85 percent of unskilled, sedentary jobs are in the machine trades and benchwork occupational categories. 20 C.F.R. Part 404, Subpt. P, App. 2, 201.00.  Accordingly, a remand is required for further findings which may in turn require the consideration of vocational evidence. In light of our disposition we leave to the secretary to consider in the first instance, to the extent relevant, claimant's argument that additional non-exertional limitations found by Dr. Marrero precluded reliance on the Grid. With respect to claimant's allegation of disabling pain, however, we note that the ALJ found that claimant's "subjective symptomatology does not significantly affect or compromise his ability to do sedentary work." Claimant has made no meaningful argument that this finding was in error.   Vacated and remanded. ____________________ -7-